UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CADLEROCK JOINT VENTURE II, LP,

                                   Plaintiff,

v.                                                                    CIVIL CASE NO. 06-15445

CECIL FIELDER, and C.J. USA, Inc.,
f/k/a BETZ TRUCKING, Inc.,                     HONORABLE PAUL V. GADOLA
a Michigan Corporation,                             U.S. DISTRICT JUDGE

                                  Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**I.**     **Background**

Now before the Court is Plaintiff's motion for summary judgment against Defendant Cecil Fielder, pursuant to Federal Rule of Civil Procedure 56. Plaintiff filed the motion on March 14, 2008. Defendant failed to file any response.

Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available." E.D. Mich. L.R. 7.1(b) (emphasis added). Local Rule 7.1(d)(1)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion. E.D. Mich. L. R. 7.1(d)(1)(B). Because Plaintiff's March 14, 2008 motion for summary judgment was a dispositive motion, Defendant's response was due on or about April 7, 2008. *See* Fed. R. Civ. P. 6(e). Defendant is in violation of the Local Rules because he failed to file a response; therefore the Court considers the motion for summary judgment as unopposed.

In August of 1998, James G. Betz, on behalf of Betz Trucking, Inc., n/k/a C.J. USA, Inc.

("C.J. USA") entered into a Master Lease Agreement ("Lease") with NBD Bank. The lease and the incorporated documents required monthly payments for the lease of certain motor vehicles. NBD Bank was succeeded in interest by Banc One Leasing Corporation ("Banc One"). Bank One, Michigan and Banc One then secured a personal guaranty on the Lease from Defendant Cecil Fielder on July 19, 2001. Pl.'s Mot., Ex. C [docket entry #26-5]. Defendant Cecil Fielder's obligation under the guaranty was unlimited. *Id.* Banc One's rights under the Lease were then assigned to Cadleway Properties, Inc., ("Cadleway") on September 18, 2003. More recently, Cadlerock Venture II, LP ("Cadlerock") was substituted as the Plaintiff following Cadleway's assignment of interest to Cadlerock. *See* Order Granting Pl.'s Mot. for Substitution of Party Pl., docket entry #29. Plaintiff Cadlerock now asserts that C.J. USA failed to comply with the terms in the Lease by, among other things, failing to timely pay the monthly installments as required under the Lease. As a result of the breach, Plaintiff maintains that there is a balance of $234,381.22, plus accruing interest, costs and attorney fees, under the Lease. A clerk's entry of default against Defendant C.J. USA was entered on December 18, 2007. Therefore, according to Plaintiff, under the terms of the unconditional guaranty, Defendant Cecil Fielder is now liable for the amount owed by C.J. USA under the Lease. Plaintiff seeks summary judgment with respect to this claim against Defendant Cecil Fielder.

## II.  Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id*. at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id*. at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id*.; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue

of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

**III.    Analysis**

After reviewing the submission of Plaintiff, there is no dispute that the Lease provides that Betz Trucking, Inc. would lease certain motor vehicles from NBD Bank in exchange for, among other conditions, monthly payments in the amount of $17,136.45. Under the terms of the Lease, a default occurred when C.J. USA failed to make the required monthly payments in a timely manner. Plaintiff claims, and Defendant Cecil Fielder has failed to present any evidence to the contrary, that the payments were not made. Subsequently, a clerk's entry of default was entered

4

against Defendant C.J. USA.

Under Michigan law, a guaranty is "an enforceable undertaking or promise by one person collateral to a primary or principal obligation of another which binds the person making the promise to performance of the primary obligation in the event of nonperformance; the secondary party thus becomes primarily responsible for performance." *Angelo Iafrate Co. v. Detroit and Northern Sav. & Loan Ass'n*, 264 N.W.2d 45, 48 (Mich. Ct. App. 1978). "Where the language of the writing is not ambiguous the construction is a question of law for the court on consideration of the entire instrument." *In Re Landwehr's Estate*, 282 N.W. 873, 874 (1938)(citations omitted).

Defendant Cecil Fielder admits that he signed the Lease guaranty. The guaranty in question states that Fielder "[A]bsolutely and unconditionally guaranties to the Bank, as primary obligor and not merely as surety, the full and prompt payment of the Liabilities when due, whether at stated maturity, by acceleration or otherwise." *See* Pl.'s Mot., Ex. C [docket entry #26-5]. The Court finds such language unambiguous. Moreover, the guaranty states that Plaintiff can "insist that the Guarantor [Defendant Fielder] pay immediately" and that Plaintiff is "not required to attempt to collect first from the borrower [C.J. USA], any collateral, or any other person liable for any of the Liabilities." *Id.* Defendant Fielder has failed to present any evidence refuting the amount claimed due under the Lease and has failed to present any evidence why he is not primarily responsible for performance of the terms of the Lease pursuant to the guaranty. *See Angelo Iafrate Co.*, 264 N.W.2d at 48. Therefore, in light of the uncontroverted evidence of the terms of the Lease, the uncontested allegations of the default of C.J. USA under the terms of the Lease, and the undisputed unlimited guaranty of Defendant Cecil Fielder as to the Lease, the Court finds that there is no

genuine issue of material fact with respect to Plaintiff's claim that Defendant Cecil Fielder signed the guaranty and is now personally liable for the amount owed under the terms of the Lease.

**IV.   Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that, for the reasons stated above and those in Plaintiff's unopposed Motion for Summary Judgment Against Defendant Cecil Fielder [docket entry #26], the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Judgment is entered in favor of Plaintiff Cadlerock Joint Venture II, LP and against Defendant Cecil Fielder in the amount of $234,381.22 plus attorney fees and costs in the amount of $11,291.07, in addition to prejudgment interest as allowed by law.

**SO ORDERED.**

Dated:   May 29, 2008                         s/Paul V. Gadola
                                              HONORABLE PAUL V. GADOLA
                                              UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 29, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:       Cheryl D. Cook; Craig S. Schoenherr; Steve J. Weiss                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                           .

                                              s/Ruth A. Brissaud
                                              Ruth A. Brissaud, Case Manager
                                              (810) 341-7845