UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CADLEROCK JOINT VENTURE II, LP,

   Plaintiff,

v.

CECIL FIELDER and
C. J. USA, INCORPORATED,

   Defendants.
_____/

Case No. 06-cv-15445
Honorable Thomas L. Ludington

**ORDER GRANTING MOTION TO RENEW JUDGMENT**

On December 8, 2006, Plaintiff Cadleway Properties, Inc., filed a complaint naming Cecil Fielder and C.J. USA, Inc., as Defendants. ECF No. 1.[1] Plaintiff alleged that it leased certain equipment to Defendants, but that Defendants failed to comply with the terms of the lease, including by failing to timely pay monthly installments. On March 14, 2008, Plaintiff filed a motion for summary judgment. ECF No. 26. On May 5, 2008, Plaintiff filed a motion to substitute Cadlerock Joint Venture II, LP as the Plaintiff, explaining that Cadleway Properties had assigned its interest to Cadlerock. ECF No 27. On May 29, 2008, the motion for substitution and the motion for summary judgment were granted. ECF No. 29, 30. Judgment was entered the same day in the amount of $245,672.29, "in addition to prejudgment interest as allowed by law." ECF No. 31.

On November 3, 2017, Plaintiff filed a motion to renew the judgment. ECF No. 43. Plaintiff explained that "[a]s of the date of this Motion, there is now due and owing to Plaintiff the amount of $290,564.03, plus interest in the amount of $136,887.99, costs in the amount of 0.00, less payments in the amount of $42,250.00 for a total Judgment balance of $385,202.02." *Id.* at 2.

---

[1] The case was assigned to Judge Gadola. After Judge Gadola's retirement, his cases were assigned to Judge Ludington because Judge Ludington filled the seat vacated by Judge Gadola. In technical terms, Judge Ludington is Judge Gadola's "vice."

Plaintiff further explained that, under Michigan law, the period of limitations for an action founded upon a judgment or decree rendered in a court is ten years. M.C.L. 600.5809(3). Section 600.5809(3) further provides that "[w]ithin the applicable period of limitations prescribed by this subsection, an action may be brought upon the judgment or decree or a new judgment or decree."

On November 13, 2017, the Court directed Plaintiff to submit supplemental briefing on two points. First, the Court identified a "disparity between the principal amount identified in the original judgment, and the principal amount Plaintiff now identifies." Nov. 13, 2017, Op. & Order at 2. Second, Plaintiff had not identified the means by which it calculated the post-judgment interest it was seeking.

Plaintiff has now filed its supplemental brief. For the following reasons, Plaintiff's motion to renew the judgment will be granted. Under Michigan law, an ex parte motion to modify or renew the judgment is procedurally sufficient. *Van Reken v. Darden, Neef & Heitsch*, 259 Mich. App. 454, 458, 674 N.W.2d 731, 734 (2003); *In re Fifarek*, 370 B.R. 754, 761 (Bankr. W.D. Mich. 2007). Further, there is no requirement that the debtor be notified or given an opportunity to contest the motion prior to the renewal. *In re Fifarek*, 370 B.R. at 762. To the extent that Defendants might contest the extension, they may file a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b) after the renewed judgment is issued. *Id.*

First, Plaintiff indicates that it miscalculated the total amount of the judgment, which is $292,237.28, not $290.564.03. That is the same amount that the Court arrived at via its independent calculations, detailed in the November 13, 2017, opinion and order. Second, Plaintiff explains that it miscalculated the post-judgment interest due in its original motion to renew the judgment. Originally, Plaintiff used a 5% interest rate, based on the belief that the lease agreement in question provided for that rate. In the November 13, 2017, opinion and order, the Court opined that the

"lease agreement does not appear to expressly contemplate post-judgment interest," and Plaintiff now agrees. Nov. 13, 2017, Op. & Order at 3. Because the lease agreement is silent on post-judgment interest, M.C.L. 600.6013(8) applies. That section provides that "interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section." *Id.*

Plaintiff has attached its updated calculations for post-judgment interest. *See* Updated Interest Calc., ECF No. 45, Ex. A. In compliance with M.C.L. 600.6013(8), those calculations identify the applicable interest rates for the period in question. In total, Plaintiff seeks $81,604.16 in post-judgment interest. To summarize, Plaintiff (correctly) identifies the original judgment amount as $292,237.28. Plaintiff further seeks entry of post-judgment interest in the amount of $81,604.16. When those two sums are added together and the payments received by Plaintiff to date ($44.500.00) are subtracted, the total comes to $329,341.44. Renewed judgment will be entered in that amount.

Accordingly, it is **ORDERED** that Plaintiff's motion to renew judgment, ECF No. 43, is **GRANTED.**

It is further **ORDERED** that, in accordance with M.C.L. 600.5809, renewed judgment is **ENTERED** for Plaintiff Cadlerock Joint Venture II, LP and against Defendants Cecil Fielder and C.J. USA, Inc., in the amount of **$329,341.44.**

Dated: December 11, 2017　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2017.

                                                  s/Kelly Winslow
                                                  KELLY WINSLOW, Case Manager